**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| GRANITI VICENTIA, LLC, <br> Plaintiff, | § <br> § <br> § <br> § | |
| v. | § <br> § | **CIVIL ACTION NO. 4:25-cv-05712** |
| MIC HOTEL CORP. d/b/a RAMADA <br> PLAZA RESORT & SUITES <br> Defendant. | § <br> § <br> § <br> § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW, GRANITI VICENTIA, LLC (also referred to as "Plaintiff"), complaining of MIC HOTEL CORP. d/b/a RAMADA PLAZA RESORT & SUITES (also referred to as "Defendant,") and files this its Second Amended Complaint and for cause of action will respectfully show the Court the following:

**NATURE OF THE LAWSUIT**

1.  This is a lawsuit seeking collection for amounts owed by Defendant for furniture, fixtures, and equipment delivered and accepted for their hotel property, yet never paid.

**PARTIES**

2.  Plaintiff GRANITI VICENTIA, LLC is a Texas company, whose address is in care of The Weisblatt Law Firm, 2312 Katy Fort Bend Road, Katy, Texas 77493. GRANITI VICENTIA, LLC's sole member and President, Srinivasa Rao Katragadda, is a citizen of the State of Texas.

3.      To the best of Plaintiff's knowledge and belief, Defendant MIC HOTEL CORP. d/b/a RAMADA PLAZA RESORT & SUITES is a Florida corporation with its principal place of business in Orlando and is a citizen of the State of Florida.

## VENUE

4.      Venue is appropriate pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in Houston, Harris County, Texas, including, but not limited to, the entry of a contract for the sale of goods and performance by one or both parties, the performance of Plaintiff occurred in part, and the failure of Defendant to deliver payment to Plaintiff's attention, which should have occurred here.

5.      Additional supporting facts are stated below and are incorporated into this section for all purposes.

## JURISDICTION

6.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

7.      As described above, this is an action between a Texas-based Plaintiff and business entity headquartered and incorporated in Florida.

8.      As detailed herein, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9.      Additional supporting facts are stated below and are incorporated into this section for all purposes.

## CONDITIONS PRECEDENT

10.     All conditions precedent were performed or occurred.

## FACTUAL BACKGROUND

2

Plaintiff's Second Amended Complaint
*Graniti Vicentia, LLC v. MIC Hotel Corp.*

11. Plaintiff is a distributor of custom furniture, fixtures, and equipment ("FF&E") for hotel chains around the world, but primarily sells the FF&E products in the United States.

12. On information and belief, Defendant is the owner, management group, or is otherwise closely affiliated with the Ramada Plaza Resort & Suites branded hotel and resort at 6500 International Drive, Orlando, FL 32819 (the "Property"). In all Plaintiff's dealings with the entity MIC Hotel Corp. D/B/A Ramada Plaza Resort & Suites, Defendant served as the exclusive buyer and management group for the benefit of this Property and all FF&E ordered was installed at the Property.

13. Defendant initiated an ongoing commercial relationship with and directly to Plaintiff's Houston office to provide FF&E for the Property. Plaintiff's principal and exclusive location of business is in Houston, Texas, a fact of which Defendant was aware. In response to Defendant's request, the Parties entered into an ongoing agreement and relationship for Plaintiff to provide FF&E for a renovation project (the "Project") wherein guest rooms would receive new furniture, headboards, artwork, desks, doors, and fixtures to update the hotel and modernize the guest rooms. This process was performed in several phases: a negotiation phase, a design phase, a production phase, and a delivery phase. Each phase required extensive communication and coordination between Plaintiff and Defendant.

14. As part of these repeated contacts and communications in the negotiation phase, Defendant would collaborate with Plaintiff's Texas office via email, phone calls, and by zoom. These communications were instigated by either party and required exchange of information about the Property, revisions and review by Defendant, and return to Plaintiff. This phase lasted many months and mostly by distance communications.

Plaintiff's Second Amended Complaint
*Graniti Vicentia, LLC v. MIC Hotel Corp.*

15.    After a demonstration room was presented to the Plaintiff, the Parties entered into an agreement for Plaintiff to design and deliver custom FF&E for the Property over the span of many more months and shipments. The Defendant paid Plaintiff a deposit to begin the design phase. Defendant directed Plaintiff at their Texas headquarters through various communication methods in the design phase as they performed the process of customization and fitting to Defendant's unique Property, specifications, and brand requirements. Much of the work was based on the data collected and provided by Defendant. The designs and drawings would then be approved by Defendant or Defendant's agent in Florida by phone, email, or zoom, as well as by the Ramada brand. Often, Defendant or their agent would order changes or amendments to the design team, which the design team in Houston would perform, proceeding in a collaborative process to narrow to Defendant's exact specification before Plaintiff would finally proceed to their production phase after Defendant's approval for each discrete portion of each room (e.g., window treatments required their own design process separate from  vanity, sinks, accessories, etc.). Swapnil J. Shah, ("Mr. Shah"), Defendant's authorized agent, requested, received, reviewed, and eventually approved each separate customized suborder (Finishes, Mirrors, Bedding, Lighting, Baths, Seating, etc.) before Plaintiff would proceed to the production and delivery phase.

16.    Plaintiffs performed their work from their Houston office, including sourcing, design coordination customized for Defendant's specific needs, and logistics. Throughout the process, the Defendant maintained consistent and coordinated communication with the Plaintiff's home office, including dozens of calls and emails with the design team, and dozens to hundreds more with other teams to manage delivery, oversee installation, and address any issues that arose. Plaintiff sent representatives to Florida on two occasions but otherwise performed their work for all phases of their ongoing agreement over this time from their place of business in Houston.

4

Plaintiff's Second Amended Complaint
*Graniti Vicentia, LLC v. MIC Hotel Corp.*

17.     These FF&E goods are custom made to specifications provided both by the Ramada brand as well as the customer.  The Parties agreed on the quantity, specifications, payment terms, and shipping terms.  After these agreements were made, Plaintiff coordinated the order of these custom products from manufacturers. The details of how the FF&E would be shipped, received, and paid for were actively negotiated by the Parties by phone conference while Plaintiff was in Texas and Defendant in Florida, and the details were confirmed by email afterwards. Much of the product was brought in internationally and received in Florida ports, however at least three truckloads of product worth approximately $40,000.00 dollars were shipped directly from Plaintiff's Texas location to Defendant's warehouse in Florida. In the same call, the Parties negotiated the various timing of when the payments would be made by Defendant at each phase of the remaining and ongoing process, amounting to at least five payments to be paid in phases as various shipments were received.

18.     As the goods were beginning the process of being shipped, Defendant was in repeated coordination with Plaintiff in Texas regarding when to ship based on the shipping costs, requested and received cost schedules for the same, and requested and received bills of ladings for all shipments to be and that were received, presumably to save of their shipping costs. As the Parties agreed, Plaintiff began shipping the requested goods to Defendant over multiple shipments and many months. Defendant made periodic payments over that same time as the Parties had negotiated and agreed. In total, the products ordered by Defendant amounted to over $1.6 million dollars. Plaintiff provided various sale orders showing Plaintiff's Houston office at the top of the invoice. In furtherance of these ongoing sales and invoices provided, Defendant made at least four payments over almost five months in this manner, payments totaling over $1.2 million dollars to Plaintiff's Texas bank by wire.  The agreed payment terms were fifty percent at the time the order

Plaintiff's Second Amended Complaint
*Graniti Vicentia, LLC v. MIC Hotel Corp.*

was placed and the balance due prior to shipment from the manufacturer. Sometimes Plaintiff would have the manufacturer ship product prior to the second payment or "on credit", as a courtesy to its customer.

19. However, on several orders, Defendant received the goods shipped by Plaintiff and refused to remit payment.

20. On sales order 38087, an invoice originally sent and dated October 18, 2024, Defendant still owes $255,340.98. The goods received include artwork, seating, fabrics, countertops, window treatments, lighting, mirrors, bedding, bath accessories, and various finishes. Plaintiff and Defendant negotiated a payment schedule on the invoice and the above balance remains, despite receipt of all the goods ordered in mid-August of 2025.

21. On sales order 38543, an invoice sent and dated December 16, 2024, Defendant still owes $50,786.00. The goods received were an "Attic Stock" order that included spare inventory of other renovation products. "Attic Stock" are FF&E goods ordered by the Defendant beyond its immediate need to have in stock in case something is damaged or which needs to be replaced for some other reason.

22. On information and belief, Defendant received and accepted the entirety of these goods, and used said goods in renovation or to hold in stock for the benefit of the Property.

23. Any deficiencies complained of by Defendant were remedied and Plaintiff promptly delivered replacements for any parts or boxes alleged to be missing, despite shipping receipts showing all inventory as received under these orders.

24. From the beginning of the Defendant's solicitation of Plaintiff's services to the date of final receipt of goods, their commercial relationship lasted well over a year.

Plaintiff's Second Amended Complaint
*Graniti Vicentia, LLC v. MIC Hotel Corp.*

25. In August of 2025, Plaintiff again requested that payment for these accounts be made. No response was received. Defendant did not claim damages at that time. Defendant did not claim nonconforming goods were delivered and not replaced. Defendant simply received all the remaining goods and then decided to ignore Plaintiff when owed their last payment.

26. On October 23, 2025, Plaintiff, through counsel, issued a demand for payment of the just amount owed, clearly detailing their claims and stating that, if litigation became necessary, they would pursue full recovery of attorney's fees under Tex. Civ. Prac. & Rem. Code § 38.001. Despite this notice, Defendant refused and continues to refuse to pay the amount due under the agreement for the valuable goods received and enjoyed.

27. Defendant's breach of their agreement is causing significant and substantial economic injury to a Texas business and continues to disrupt its operations in Houston.

## CAUSES OF ACTION

28. Each cause of action below is pleaded in the alternative to or in addition to each other cause of action set forth herein.

29. Plaintiff incorporates the factual assertions described above as if stated in each respective count as if stated verbatim.

## COUNT I – ACCOUNT STATED

30. Plaintiff asserts Defendant owes money under an account.

31. Over the course of their business relationship, Plaintiff performed work and provided goods to Defendant, for which Defendant became justly indebted to Plaintiff. Plaintiff rendered statements of account and invoices reflecting the amounts owed, as described above.

32. Defendant accepted the benefit of Plaintiff's work and the good delivered and did not timely dispute the correctness of the statements or object to the amounts claimed as due. As a

7

Plaintiff's Second Amended Complaint
*Graniti Vicentia, LLC v. MIC Hotel Corp.*

result, an agreement to pay the stated amount is implied, and Defendant became liable to Plaintiff for the full amount due, which is a reasonable, usual, and customary price for such goods.

33.    Despite demand, Defendant failed and refused to pay the outstanding balance and to provide a clear accounting for pay withholding from retainage, pay deductions, and claims paid by insurance.

## COUNT II – BREACH OF CONTRACT

34.    Plaintiff asserts Defendant breached their agreement.

35.    Defendant contracted for interior design, customization of, and purchase of goods, wares, merchandise and/or services (including but not limited to: interior design, customization, brand approvals, and administration of shipping and logistics) from Plaintiff at the special insistence and request of Defendant in the regular course of Plaintiff's business.  Plaintiff has fully complied with the agreement and performed its obligations under the same.  Defendant accepted the goods, wares, merchandise, and/or services and agreed and became bound to pay Plaintiff's designated charges, which are reasonable, usual, and customary for such items.

36.    Defendant's failure to pay the remaining $306,127.58, as described above, constitutes a material breach of the agreement, causing actual damages.

37.    Further, as a direct and foreseeable result of Defendant's breach, Plaintiff suffered consequential damages, including but not limited to: lost profits, disruption of ongoing business operations, inability to pay staff, and damage to reputation and business relationships.

38.    On May 13, 2025, Plaintiff sent a correspondence providing notice of their demand and seeking resolution, which was effectively ignored.

8

Plaintiff's Second Amended Complaint
*Graniti Vicentia, LLC v. MIC Hotel Corp.*

39.     The full amount of damages will be proven at trial. Plaintiff reserves the right to supplement and amend its damage model as discovery progresses and additional information becomes available.

## COUNT III – OPEN ACCOUNT

40.     Plaintiff asserts Defendant failed to properly render payment under an open account.

41.     There were transactions between Plaintiff and Defendant creating a creditor-debtor relationship through the general course of dealing, with the account remaining open, and with the expectation of further dealing.  Defendant ceased paying on the open account and became bound and liable to pay Plaintiff the remaining balance.

## COUNT IV – UNJUST ENRICHMENT

42.     Plaintiff asserts Defendant was unjustly enriched by some or all of the accounts remaining unpaid and seeks relief in equity.

43.     Plaintiff provided valuable goods, services, and/or materials to Defendant.

44.     Defendant knowingly accepted and benefited from these goods and services.

45.     Under the circumstances, it would be unjust for Defendant to retain the benefits without paying Plaintiff the reasonable value thereof, or to retain, withhold, or deduct wages and retainage without justification, accounting, or opportunity to remedy any deficiencies alleged which caused the need for said withholding.

## COUNT V – ACTION FOR THE PRICE OF GOODS

46.     Plaintiff sold and delivered to Defendant FF&E for use in Defendant's hotel, pursuant to the above described contracts and invoices for the sale of goods within the meaning of the Tex. Bus. & Com. Code.

Plaintiff's Second Amended Complaint
*Graniti Vicentia, LLC v. MIC Hotel Corp.*

47.     Plaintiff fully performed its obligations and Defendant accepted the goods without timely objection, or such objections were remedied.

48.     Under Tex. Bus. & Com. Code § 2.709(a)(1), a seller may recover the price of goods accepted when the buyer fails to pay.

49.     Defendant refused and continues to refuse to pay the remaining balance of approximately $306,127.58, despite due demand, thereby causing Plaintiff damages in that amount, plus incidental damages, interest, and attorney's fees as allowed by law or contract.

## ATTORNEY'S FEES

50.     Plaintiff seeks recovery of its reasonable and necessary attorney's fees as authorized by law, including but not limited to, Tex. Civ. Prac. & Rem. Code § 38.001, for prevailing on Plaintiff's breach of contract claim against Defendant, a corporation.

51.     Plaintiff requests that attorney's fees be awarded through final judgment, as well as for post-judgment and appellate proceedings as appropriate.

## PRAYER

52.     For these reasons, Plaintiff asks that upon final trial the Court award Plaintiff a judgment against Defendant for the following:

   a.     Actual damages;

   b.     Consequential damages;

   c.     Pre and Post-judgment interest;

   d.     Court costs;

   e.     Reasonable and necessary attorney's fees; and

   f.     All other relief to which Plaintiff is justly entitled, at law or in equity.

10

Plaintiff's Second Amended Complaint
*Graniti Vicentia, LLC v. MIC Hotel Corp.*

Respectfully submitted,

THE WEISBLATT LAW FIRM, PLLC

By: */s/Andrew D. Weisblatt*
    Andrew D. Weisblatt
    State Bar No. 00785206
    Email: adw@weisblattlaw.com
    Dylan J. Clewis
    State Bar No. 24107584
    Email: djc@weisblattlaw.com
    2312 Katy Fort Bend Road
    Katy, Texas 77493
    Tel: 713.666.1981
    Fax: 832.415.0215

ATTORNEYS FOR PLAINTIFF

11

Plaintiff's Second Amended Complaint
*Graniti Vicentia, LLC v. MIC Hotel Corp.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 25, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

**JACKSON WALKER LLP**
Harris J. Huguenard
Texas State Bar No. 24099615
S.D. Tex. ID 3007223
HHuguenard@jw.com
Duncan Robinson
Texas Bar No. 24144102
S.D. Tex. ID 3931729
DRobinson@jw.com
1401 McKinney, Suite 1900
Houston, TX 77010

**Attorneys for Defendant**

*/s/ Andrew D. Weisblatt*
Andrew D. Weisblatt

12

Plaintiff's Second Amended Complaint
*Graniti Vicentia, LLC v. MIC Hotel Corp.*