**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| GRANITI VICENTIA, LLC,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MIC HOTEL CORP. d/b/a RAMADA PLAZA<br>RESORT & SUITES,<br><br>　　　　　　　Defendant. | Civil Action No.: 4:25-cv-05712 |

**DEFENDANT MIC HOTEL CORP.'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS**

Defendant MIC Hotel Corp. d/b/a/ Ramada Plaza Resort & Suites ("MIC" or "Defendant")
files its Original Answer, Affirmative Defenses, and Counterclaims in response to Plaintiff Graniti
Vicentia, LLC's Second Amended Complaint (the "Complaint") and would respectfully show the
following. In filing this Original Answer, Affirmative Defenses, and Counterclaims, Defendant
does not waive, and expressly preserves, its objections to this Court's exercise of personal
jurisdiction over Defendant, its objections to venue in this District, its request for abstention in
deference to parallel proceedings in the Circuit Court of the 9th Judicial Circuit in and for Orange
County, Florida, its objection on the basis of *forum non conveniens*, and its request for transfer of
this action to the United States District Court for the Middle District of Florida pursuant to 28
U.S.C. § 1404(a), all as set forth in Defendant's Motion to Dismiss, Abstain, or, in the Alternative,
Transfer [DE 9], Reply [DE 14], and Motion to Vacate [DE 20]. Defendant files this responsive
pleading under compulsion of the Court's Scheduling Order [DE 19] and Order Denying
Defendant's Motion to Vacate [DE 24], and nothing herein shall be deemed a waiver of or consent
to this Court's jurisdiction, venue, or the propriety of this forum.

DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIMS

## I. ORIGINAL ANSWER

### NATURE OF THE LAWSUIT

1.      Defendant denies the allegations in Paragraph 1 of the Complaint.

### PARTIES

2.      Defendant admits the allegations in Paragraph 2 of the Complaint.

3.      Defendant admits the allegations in Paragraph 3 of the Complaint.

### VENUE

4.      Defendant denies the allegations in Paragraph 4 of the Complaint.

5.      Defendant denies the allegations in Paragraph 5 of the Complaint.

### JURISDICTION

6.      Defendant denies the allegations in Paragraph 6 of the Complaint.

7.      Defendant admits the allegations in Paragraph 7 of the Complaint.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations in Paragraph 9 of the Complaint.

### CONDITIONS PRECEDENT

10.      Defendant denies the allegations in Paragraph 10 of the Complaint.

### FACTUAL BACKGROUND

11.      Defendant admits that Plaintiff is a distributor of custom furniture, fixtures, and equipment ("FF&E"), but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint.

12.       Defendant admits that it is the management group or is otherwise closely affiliated with the Ramada Plaza Resort & Suites branded hotel and resort at 6500 International Drive, Orlando, FL 32819. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIMS

13.    Defendant admits that the Parties entered into an agreement whereby Plaintiff agreed to provide FF&E for a renovation project. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14.    Defendant admits that it did correspond with Plaintiff regarding the FF&E. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15.    Defendant admits that after a mock up room was presented to the Plaintiff in Florida, the Parties negotiated the order specifications and pricing in Florida, and thereafter the Parties entered into an agreement for Plaintiff to design and deliver custom FF&E for the Property and that Defendant paid Plaintiff a deposit to begin the design phase. Defendant denies or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations Paragraph 15 of the Complaint.

16.    Defendant admits that it communicated with Plaintiff and that Plaintiff sent representatives to Florida on two occasions but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint.

17.    Defendant admits that the FF&E goods are custom made to specifications provided both by the Ramada brand as well as the customer. Defendant admits that after these agreements were made, Plaintiff coordinated the order of these custom products from manufacturers. Defendant admits that the products were brought in internationally and received in Florida ports. Defendant denies that the details of how the FF&E would be shipped, received, and paid for were actively negotiated by the Parties by phone conference while Plaintiff was in Texas and Defendant in Florida. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint.

18.    Defendant admits that Plaintiff shipped goods to Defendant over multiple shipments and many months and that Defendant made periodic payments to Plaintiff. Defendant denies that it was in repeated coordination with Plaintiff in Texas. Defendant denies that the products ordered by Defendant amounted to over $1.6 million dollars. Defendant denies that the agreed payment terms were fifty percent at the time the order was placed and the balance due prior to shipment from the manufacturer. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint.

19.    Defendant denies the allegations in Paragraph 19 of the Complaint.

20.    Defendant admits it received certain goods from Plaintiff but denies it owes any money to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint.

21.    Defendant admits that it received "Attic Stock" goods, which are goods to have in stock in case something is damaged or which needs to be replaced for some other reason. Defendant denies the remaining allegations in Paragraph 21 of the Complaint.

22.    Defendant denies the allegations in Paragraph 22 of the Complaint.

23.    Defendant denies the allegations in Paragraph 23 of the Complaint.

24.    Defendant denies the allegations in Paragraph 24 of the Complaint.

25.    Defendant denies the allegations in Paragraph 25 of the Complaint.

26.    Defendant admits that it received a demand for payment but otherwise denies the allegations in Paragraph 26 of the Complaint.

27.    Defendant denies the allegations in Paragraph 27 of the Complaint.

## CAUSES OF ACTION

28. Paragraph 28 does not require a response, but to the extent that it does, Defendant denies the allegations in Paragraph 28.

29. Paragraph 29 does not require a response, but to the extent that it does, Defendant denies the allegations in Paragraph 29.

## COUNT I – ACCOUNT STATED

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

## COUNT II – BREACH OF CONTRACT

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant admits that any contract between the parties speaks for itself but otherwise denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant admits that Plaintiff sent correspondence to Defendant but otherwise denies the allegations in Paragraph 38 of the Complaint.

39. Paragraph 39 does not require a response, but to the extent that it does, Defendant denies the allegations in Paragraph 39.

## COUNT III – OPEN ACCOUNT

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

## COUNT IV – UNJUST ENRICHMENT

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint.

## COUNT V – ACTION FOR THE PRICE OF GOODS

46.     Defendant admits that Plaintiff sold and delivered to Defendant FF&E for use in Defendant's hotel but otherwise denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant admits that Tex. Bus. & Com. Code § 2.709(a)(1) speaks for itself, but otherwise denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint.

## ATTORNEY'S FEES

50.     Paragraph 50 does not require a response, but to the extent that it does, Defendant denies the allegations in Paragraph 50.

51.     Paragraph 51 does not require a response, but to the extent that it does, Defendant denies the allegations in Paragraph 51.

## PRAYER

52.     Paragraph 52 does not require a response, but to the extent that it does, Defendant denies that Plaintiff is entitled to any relief.

## II. AFFIRMATIVE DEFENSES, DEFENSES, AND OTHER RESPONSES

Subject to its responses above, and upon information and belief, Defendant alleges and assert the following defenses in response to the allegations of the Complaint. Regardless of how and which such defenses are listed herein, Defendant undertakes the burden of proof only as to those defenses that are deemed affirmative defenses requiring such burden as a matter of law. In addition to the affirmative defenses described below, Defendant specifically reserves all rights to allege additional affirmative defenses, including but not limited to those that become known through the course of this action.

### FIRST AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM

Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's Complaint should be dismissed, in whole or in part, because it fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Defendant.

### SECOND AFFIRMATIVE DEFENSE
### PLAINTIFF DID NOT PERFORM

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not perform under the parties' agreement.

### THIRD AFFIRMATIVE DEFENSE
### UNCLEAN HANDS

Plaintiff is barred from equitable relief of any kind on the grounds that they have unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### EQUITABLE DEFENSES

Plaintiff's claims are barred in whole or in part to the extent the doctrines of waiver, consent, estoppel, quasi-estoppel, and/or laches are applicable.

DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIMS

## FIFTH AFFIRMATIVE DEFENSE
### PRIOR BREACH

Plaintiff's claims are also barred, in whole or in part, because of Plaintiff's prior material breach.

## SIXTH AFFIRMATIVE DEFENSE
### NO BREACH

Plaintiff's claims are also barred, in whole or in part, because Defendant did not breach or was excused from performance.

## SEVENTH AFFIRMATIVE DEFENSE
### LACK OF PERSONAL JURISDICTION

Plaintiff's claims are also barred because this Court lacks personal jurisdiction over Defendant. Defendant is a Florida corporation with its principal place of business in Florida, has no contacts with Texas sufficient to support the exercise of either general or specific jurisdiction, and the exercise of personal jurisdiction over Defendant would offend traditional notions of fair play and substantial justice. Defendant expressly preserves and does not waive its objection to personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) by filing this Answer and Counterclaims.

## EIGHTH AFFIRMATIVE DEFENSE
### IMPROPER VENUE

Plaintiff's claims are also barred because venue is improper in this District. A substantial part of the events or omissions giving rise to Plaintiff's claims did not occur in this District, and Defendant is not subject to personal jurisdiction in this District. Venue is proper in the Middle District of Florida. Defendant expressly preserves and does not waive its objection to venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1391 by filing this Answer and Counterclaims.

## NINTH AFFIRMATIVE DEFENSE
### ABSTENTION, FORUM NON CONVENIENS, AND TRANSFER

This Court should abstain from exercising jurisdiction in deference to the parallel, earlier-filed action pending in the Circuit Court of the 9th Judicial Circuit in and for Orange County, Florida, Case No. 2025-CA-011593. In the alternative, this action should be dismissed on grounds of *forum non conveniens* or transferred to the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1404(a). Defendant expressly preserves and does not waive these objections and requests by filing this Answer and Counterclaims.

### III. COUNTERCLAIMS

Subject to and without waiving Defendant's objections based on personal jurisdiction, venue, abstention, *forum non conveniens*, and transfer as set forth above, and pursuant to Federal Rule of Civil Procedure 13, Counter-Plaintiff MIC Hotel Corp. d/b/a Ramada Plaza Resort and Suites ("MIC") files its Original Counterclaims against Counter-Defendant Graniti Vicentia, LLC ("Graniti"), and would respectfully show the Court as follows:

### PARTIES

1.      Counter-Plaintiff MIC Hotel Corp. d/b/a Ramada Plaza Resort and Suites is a Florida corporation which did, does, and continues to do business in Orange County, Florida.

2.      Counter-Defendant Graniti Vicentia, LLC is a Texas company, whose address is 2135 Highway 6 South, Houston, Texas 77077.

### JURISDICTION AND VENUE

3.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. MIC is completely diverse from Graniti, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. In asserting these Counterclaims, MIC does not concede that this Court has personal jurisdiction over MIC for purposes of Plaintiff's claims, that venue is proper in this District for purposes of Plaintiff's claims, or that this Court should not abstain, dismiss on *forum non conveniens* grounds, or transfer this action to the Middle District of Florida.

4.      The Court has personal jurisdiction over Graniti because Graniti submitted itself to the jurisdiction of the Court by filing its Complaint.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because Graniti is subject to the Court's personal jurisdiction in this District[1].

---

[1] As for the claims asserted by Grantini against MIC, MIC does not contend or agree that Venue is proper in this Court.

DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIMS

## FACTUAL BACKGROUND

6.  MIC owns and operates the Ramada Plaza Resort & Suites Orlando, a hotel with a Ramada by Wyndham flag, located at 6500 International Drive, Orlando, Florida 32819 (the "Hotel").

7.  Graniti sells and distributes furniture, fixtures, and equipment for hotels and other commercial uses.

8.  In or about late 2024, Graniti agreed to sell and deliver to MIC certain furniture, fixtures, and equipment (the "FF&E") for renovations at MIC's Hotel.

9.  The FF&E is custom-made to specifications provided both by the "Ramada by Wyndham" brand and MIC.

10. On or about November 11, 2024, Graniti's representatives met with MIC's representatives at MIC's Hotel to inspect the Hotel, discuss the FF&E needed for MIC's planned renovation, and finalize the scope of MIC's FF&E order.

11. The parties agreed on the quantity, specifications, payment terms, and shipping terms (the "Agreement"). The Agreement was discussed over the phone and in person, and material terms were confirmed by documents and email exchanges between the parties.

12. Graniti required that MIC pay a significant deposit to Graniti in order to secure and guaranty the agreed upon delivery date. MIC made the deposit, which then required that all goods be shipped by Graniti prior to Chinese New Year and received by MIC prior to March 1, 2025.

13. After the Agreement was reached, Graniti ordered the FF&E from various overseas manufacturers and arranged to have them shipped directly to MIC's storage facility in Orlando (the "Storage Facility").

DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIMS

Page 11 of 16

14. MIC agreed to pay Graniti for the FF&E in five installments based on certain milestones. The last two installments were linked to shipping milestones.

15. Per email communications dated November 25, 2024, Graniti was obligated to deliver the FF&E to the Storage Facility by February 28, 2025. If Graniti failed to timely deliver the FF&E to the Storage Facility, Graniti was to credit MIC for the delayed delivery.

16. From late 2024 through mid-2025, despite agreements with MIC to the contrary, Graniti consistently:

    a. Failed to provide accurate expediting reports;

    b. Made deliveries without proper warehouse appointments;

    c. Failed to provide packing slips with their deliveries;

    d. Provided inaccurate bills of lading;

    e. Delivered cartons with external and internal damage; and

    f. Delivered cartons that were mislabeled, inconsistently labeled, or not labeled at all.

17. These failures resulted in MIC incurring significant additional costs and time to handle, pull, repull, redeliver, and rehandle the FF&E.

18. Moreover, as of April 23, 2025, a portion of the FF&E still had yet to be delivered.

18. To date, Graniti has only delivered a portion of the FF&E that MIC ordered (the "Delivered FF&E").

19. In many respects, the Delivered FF&E did not adhere to the specifications agreed to by the parties.

20. In many respects, the Delivered FF&E was not usable for the purposes for which it was intended.

DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIMS

21.     Graniti's failures were material and substantial, and resulted in significant losses for MIC including, but not limited to"

      a.     delays in the critical path of MIC's scheduled construction timeline;

      b.     increased construction costs, including additional general conditions charges by MIC's construction general contractor associated with additional time and costs incurred in connection with the project; and,

      c.     delays in bringing rooms online which lacked FF&E due to untimely delivery, which resulted in MIC's inability to rent rooms and resulting lost hotel revenue.

22.     On multiple occasions between April 4, 2025, and September 10, 2025, MIC formally demanded Graniti perform pursuant to the Agreement between the parties.

23.     MIC has retained the undersigned attorneys and is obligated to pay a reasonable fee for their services.

24.     All conditions precedent to this action have been satisfied, performed, waived or excused.

## COUNT I
## BREACH OF ORAL CONTRACT

25.     MIC realleges paragraphs 1 through 24 as though fully set forth herein.

26.     Graniti breached the Agreement by failing to adhere to the Shop Drawings and specification of the FF&E.

27.     Graniti further breached the Agreement by failing to timely deliver the FF&E.

28.     Finally, Graniti breached the Agreement by failing and refusing to deliver the FF&E, for which MIC paid Graniti, and which Graniti repeatedly promised to deliver.

DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIMS

29.     As a result of Graniti's breaches, renovations of the Hotel were delayed, damaging MIC as more specifically alleged in paragraph 21 above.

30.     MIC was further damaged by losses attributable to delays in critical path of construction timeline, delays in bringing rooms online, and the inability to rent otherwise completed rooms that were lacking FF&E due to untimely delivery or failure to deliver.

31.     MIC's damages as a direct and proximate result of Graniti's breach. MIC demands judgment against Graniti for actual, incidental, and consequential damages, costs of this action, interest, and such other and further relief as this Court deems just and proper.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF
## FITNESS FOR A PARTICULAR PURPOSE

32.     MIC realleges paragraphs 1 through 24 as though fully set forth herein.

33.     Graniti knew at the time of the Agreement that the FF&E was to be used for a particular purpose – to wit, installation at the Hotel.

34.     MIC relied upon Graniti's skill and judgment in furnishing the FF&E under the contract.

35.     Graniti failed to deliver FF&E fit for the purpose for which it was intended.

36.     MIC has been damaged as a direct and proximate result of Graniti's breach of implied warranty. MIC demands judgment against Graniti for damages, costs of this action, interest, and such other and further relief as this Court deems just and proper.

## COUNT III
## BREACH OF EXPRESS WARRANTY

37.     MIC realleges paragraphs 1 through 24 as though fully set forth herein.

38.     MIC provided Graniti with detailed specifications of the FF&E to be delivered to the Hotel.

DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIMS

39. Graniti then provided MIC with shop drawings (the "Shop Drawings") of the FF&E memorializing the specifications.

40. The Shop Drawings were made part of the basis of the bargain and created an express warranty that the FF&E would conform to the Shop Drawings.

41. Graniti warranted that the FF&E would conform to the Shop Drawings.

42. MIC relied upon Graniti's express warranty.

43. Graniti breached the express warranty in that certain of the Delivered FF&E did not conform to the Shop Drawings.

44. Within a reasonable time after receiving the FF&E, MIC discovered the breach of warranty and immediately gave notice to Graniti of the breach.

45. MIC has been damaged by Graniti's breach of express warranty. MIC demands judgment against Graniti for damages, costs of this action, interest, and such other and further relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

46. For the preceding reasons, MIC respectfully requests the Court: (i) enter judgment in its favor against Graniti on Counts, I, II, and III; (ii) order Graniti to pay damages to MIC, in an amount to be proved at trial, including actual damages, consequential damages, and compensatory damages plus pre-judgment and post-judgment interests, costs, and attorneys' fees allowed by law; and (iii) grant MIC all other relief, in law or in equity, as the Court deems proper and to which it may be justly entitled.

Dated: April 7, 2026

Respectfully submitted,

By:   /s/ *Harris J. Huguenard*
**JACKSON WALKER LLP**
Harris Huguenard
Texas State Bar No. 24099615
S.D. Tex. ID 3007223
HHuguenard@jw.com
Duncan Robinson
Texas Bar No. 24144102
S.D. Tex. ID 3931729
DRobinson@jw.com
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4247
(713) 752-4221 (facsimile)

**ATTORNEYS FOR DEFENDANT
MIC HOTEL CORP.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on April 7, 2026, via the Court's CM/ECF system upon those registered to receive electronic service.

By: */s/ Harris J. Huguenard*
Harris J. Huguenard